UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SAMIR GORQAJ

                              Plaintiff,          **SECOND AMENDED**
                                                     **COMPLAINT**

            -against-                    Jury Demand

                                                    21 CV 2462 (MKV)

THE CITY OF NEW YORK,
P.O. RAQUEL PALMER,
SGT. JOSE ROSA,
P.O. KEILLY HERNANDEZ a/k/a UC
LT. RAY SANCHEZ,
P.O. ROMEO POLIARD,
P.O. CYNTHIA LOPEZ, a/k/a UC
P.O. EDDIE COLON,
P.O. ENZO MORELLO,
P.O. JAYLENE RODRIGUEZ,
P.O. ANGEL VEGA,

                                Defendants.
-----------------------------------------------------------------x

        Plaintiff SAMIR GORQAJ ("Plaintiff") by and through their attorneys Robert Blossner, Esq. and Vik Pawar, Esq., respectfully allege as follows:

        1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees for violations of his civil rights, as secured by statutes and the Constitution of the United States and the State of New York and Under 42 USC 1983 and 42 USC 1988. Plaintiff also assert this court's supplemental jurisdiction under 28 USC 1367

        2.    Plaintiff has complied with conditions precedent to filing state law claims by filing timely notices of claim, attending 50h hearings and giving the City adequate time

to settle their claim and this lawsuit is commenced within one year and ninety days of the incident.

## PARTIES

3. Plaintiff at all relevant times a resident of the County of Bronx, and CITY and State of New York.

4. Defendant CITY of New York (hereinafter "CITY") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York. Defendant NYPD run the 41st precinct in Bronx, NY and is an entity that operates under the auspices of defendant CITY.

5. The individual defendants are or were employed by the CITY at the 41st precinct and acted under the color of state law and are sued in their individual capacity.

## FACTS

6. On November 6, 2020, plaintiff's wife dropped him off at a construction site where he worked.

7. Plaintiff's work involved digging ditches throughout the night for his employer.

8. Plaintiff was congregating with other union workers waiting to be driven to their job site in Astoria.

9. Plaintiff volunteered to go to a nearby Dunkin Donuts to obtain coffee for himself and his co-workers.

10. As plaintiff was walking back to meet his co-workers, an unmarked police vehicle pulled up, two uniformed officers jumped out and placed handcuffs on him.

11. Plaintiff was not informed why he was being arrested.

12. Plaintiff was taken to the 41st precinct and released approximately 12 hours later.

13. It appears that plaintiff was charged with "patronizing a person for prostitution."

14. Plaintiff had to engage the services of a criminal defense attorney.

15. Plaintiff's case was adjudicated in contemplation of dismissal.

16. On the night of plaintiff's arrest, the individual defendants whose roles are identified below were involved in two separate operations with two separate female undercover officers posing as "prostitutes" and arresting individuals such as the plaintiff for patronizing a prostitute.

17. However, it is impossible that all the individuals identified below could have heard any conversations during two simultaneous undercover operations to ascertain that plaintiff or others may have engaged in a "money for sex" scheme on that night.

18. Plaintiff outlines the roles of individual defendants as follows:

   a. Defendant Palmer falsely completed police paperwork stating that she arrested the plaintiff.

   b. Defendant Rosa falsely stated in police paperwork that defendant Palmer was the arresting officer.

   c. Defendants Poliard and Lopez were the individual who unlawfully seized and arrested plaintiff.

   d. Defendant Sanchez authorized the unlawful arrest of plaintiff.

e. Defendants Vega, Rodriguez, Morello, Colon, Lopez, Poliard, Sanchez, Palmer and Rosa allegedly heard conversation between plaintiff and defendant Hernandez wherein plaintiff allegedly agreed to pay Hernandez money in return of a sex act.

## AS AND FOR A FIRST CAUSE OF ACTION
(Assault and Battery)

19. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

20. The individual Defendants committed acts that caused harm to Plaintiff.

21. The individual Defendants intended to inflict injury or pain on Plaintiff.

22. As a reason of the assault and unlawful battery by the individual Defendants Plaintiff was apprehensive and suffered physical and emotional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Harassment)

23. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

24. The Defendants intended to harass, annoy or alarm Plaintiff.

25. These defendants acted in a way that caused Plaintiff to be harassed, annoyed and alarmed.

26. As a result of their conduct, Plaintiff suffered and continue to suffer mental and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

27. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

28. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

29. The aforementioned conduct was committed by Defendants while acting within the scope of their employment by Defendant City.

30. The aforementioned conduct was committed by Defendants while acting in furtherance of their employment by Defendant City.

31. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff.

32. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of NYS and NYC Human and Civil Rights Law)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

34. Defendants conduct herein denied Plaintiff the equal protection of the law, discriminated against them and caused their injuries.

35. As a result, Plaintiff' rights protected by the New York State and New York City Human Rights Laws were violated.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Negligent Screening, Training, Hiring, and Retention under the laws of the State of NY)

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

37. Defendant City owed a duty to individuals like Plaintiff to properly screen, train, hire and then appropriately discipline its employees.

38. Defendant City breached its duty and failed to use reasonable care in the screening, hiring, retraining and retention of the aforesaid individual Defendants who conducted and participated in the violation of Plaintiff' rights.

39. As a result, Plaintiff suffered injuries.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

40. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

41. Defendants owed a duty to individuals like Plaintiff.

42. Defendants breached its duty when individual DOE Defendants engaged in and participated in the violation of Plaintiff rights.

43. As a result, Plaintiff suffered injuries.

44. Plaintiff's physical and emotional injuries herein were caused by the carelessness, recklessness and negligence of the Defendant and their employees and agents, who were on duty and acting in the scope of their employment engaging in the wrongful conduct described herein.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(*Respondeat Superior* liability under the laws of the State of New York)

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

46. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the

wrongful conduct described herein that caused Plaintiff' irreparable physical and emotional injuries.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Fourth and Fourteenth Amendments- unlawful seizure/imprisonment/excessive force/malicious prosecution/denial of right to fair trial/fabrication of evidence)

47.　Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

48.　Defendants used force and brute to falsely arrest Plaintiff and physically assaulted him.

49.　Defendant Hernandez who claimed to be working as an undercover officer, falsely alleged that plaintiff had attempted to proposition her for sexual favors in exchange for money.

50.　Defendant Palmer falsified paperwork that she arrested the plaintiff.

51.　Defendant Rosa falsely stated in paperwork that defendant palmer was the arresting officer.

52.　Defendant Sanchez directed the false arrest of plaintiff.

53.　Defendants Poliard and Lopez unlawfully seized and handcuffed plaintiff.

54.　Defendants Vega, Rodriguez, Morello, Colon, Lopez, Poliard, Sanchez, Palmer and Rosa falsely stated that they heard plaintiff engage in a sex-related conversation.

55.　All Defendants then trumped-up false charges against Plaintiff and fabricated evidence as noted in the foregoing paragraphs.

56.　These defendants drafted criminal court paperwork, complaint report and forwarded them to the DA's office knowing that Plaintiff would be prosecuted.

7

57. These defendants failed to retract their falsified paperwork and deprived Plaintiff of his liberty.

58. Plaintiff was actually innocent of the charges against him.

59. Defendants' conduct was "repugnant to the conscience of mankind" and caused serious physical and emotional injuries to Plaintiff.

## AS AND FOR A NINETH CAUSE OF ACTION
(*Monell*)

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

61. The 41st precinct and the Bronx command has a custom and practice of generating arrests of innocent individuals on the charge of "patronizing a prostitute."

62. The NYPD and the Bronx command are aware that innocent individuals are snared into this custom and practice and unlawfully arrested without any basis in law and fact.

63. Almost all of these "patronizing a prostitute" result in dismissal of the charges or the DA's refusal to prosecute them.

64. The sole goal of the Bronx Command and the 41st precinct is to generate numbers and fulfill a quota which is then presented at CompStat to show the NYPD brass that something is being done for quality-of-life crimes.

65. However, in their misguided attempt to address real crimes, the Bronx Command knowingly and intentionally arrests innocent individuals like the plaintiff.

66. As a result of this widespread custom and practice, innocent individuals suffer a violation of their constitutional rights.

67. Even if the NYPD does not have a custom and practice of using the method

to arrest individual innocent individuals, their failure to train or supervise the individual officers engaged in these types of operations amounts to deliberate indifference to the rights of the arrestees.

68. The NYPD is aware that an individual officer would encounter a situation where an individual such as the plaintiff has not engaged in "patronizing a prostitute," however; instead of training and supervising the individual defendants on what constitutes an arrest for such a crime, the NYPD simply turns a blind eye and encourages individual defendants to engage in conduct that violates the Constitution. In addition, despite being aware that a recording of the alleged encounter would prove the guilt or innocence of the arrestee and despite being having the technology to do so, the NYPD has a custom of not recording these "sex related" conversations that would benefit the public at large and instead ends up causing the unlawful arrests of innocent individuals such as plaintiff.

69. On the particular date that plaintiff was arrested, the members of the 41st pct. "team" made numerous false arrests of "Johns" for the offense of "patronizing a prostitute." All of the arrested individuals were innocent of the charges. Yet the named defendants simply arrested them and sent them through the NYPD criminal database. All the arrestees were innocent and the charges against them were either dismissed or adjudicated in their favor because of their innocence and because the named and unnamed defendants essentially lied in their paperwork about the incidents.

### AS AND FOR A TENTH CAUSE OF ACTION
(Supervisory Liability)

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

71. Defendants Rosa and Sanchez were the supervisors on the scene when

9

plaintiff was arrested.

72. Rosa and Sanchez knew that plaintiff was innocent and did not patronize a prostitute.

73. Despite being aware of plaintiff's innocence, Rosa and Sanchez participated and directed the arrest of plaintiff.

74. Rosa and Sanchez were instrumental and took an active role in arrest of plaintiff on false charges.

75. Rosa and Sanchez were aware of the serious nature of subordinate defendants' actions upon Plaintiff but failed to take any corrective actions.

76. As a result of the foregoing, Rosa and Sanchez are liable under the theory of supervisory liability because their actions or lack thereof caused and continue to cause Plaintiff constitutional injuries.

### AS AND FOR A TENTH CAUSE OF ACTION
(Failure to Intervene)

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

78. Each of the individual defendants falsely claimed that they heard plaintiff engage in a sex-related conversation.

79. Each of the individual defendant knew that plaintiff had done no such thing.

80. Each of the individual defendant could not distinguish plaintiff's voice from another patron accused of patronizing a prostitute.

81. Each of the individual defendants knew that plaintiff had committed no crime.

82. Each of the individual defendants had an opportunity to intervene and stop the further abuse of plaintiff's constitutional rights.

83. However, despite having the time and the opportunity none of the individual defendants intervene to ensure the rights of plaintiff were not violated but failed to do so.

84. As a result, plaintiff suffered constitutional injuries.

**WHEREFORE**, Plaintiff seeks judgment against the defendant individually, jointly, severally:

1. for compensatory damages in the amount of $250,000.00 for each cause of action or an amount determined by the jury;

2. for punitive damages to be determined by the jury;

3. costs and fees associated with this litigation;

4. injunctive relief ;

5. and any such relief that the court may find just and reasonable.


Dated: October 19, 2021
New York, New York 10007

Respectfully

Vik Pawar (VP9101)
Robert Blossner (RB0526)
20 Vesey Street Suite 1410
NY NY 10007
212 571 0805
www.pawarlaw.com